**SILVERMANACAMPORA LLP**
Counsel to Kenneth P. Silverman, Esq.
the Chapter 11 Operating Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora
Edward M. Flint
Jay S. Hellman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN

-------------------------------------------------------------x

In re:

SPONGETECH DELIVERY SYSTEMS, INC.,

                      Debtor.

Chapter 11

Case No.: 10-13647 (SMB)

-------------------------------------------------------------x

KENNETH P. SILVERMAN, CHAPTER 11
OPERATING TRUSTEE OF SPONGETECH
DELIVERY SYSTEMS, INC.,

                      Plaintiff,

      -against-

DICON TECHNOLOGIES, LLC, and LLOYD
T. WHITAKER, solely in his capacity as Trustee
of DICON TECHNOLOGIES, LLC,

                      Defendants.

Adv Pro. No.      (SMB)

-------------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S COMPLAINT
### FOR SUBSTANTIVE CONSOLIDATION

       Plaintiff, Kenneth P. Silverman, Esq. (the "Trustee"), the operating chapter 11 trustee of

SpongeTech Delivery Systems, Inc., the above-captioned debtor ("SpongeTech" or the

"Debtor"), by his attorneys, SilvermanAcampora LLP, for his complaint against Dicon

Technologies, LLC ("Dicon") and Lloyd T. Whitaker, as Trustee of Dicon Technologies, Inc. (the

"Dicon Trustee") alleges as follows:

## NATURE OF THE ACTION

1.      In this adversary proceeding, the Trustee seeks a judgment substantively consolidating one of the Debtor's wholly-owned subsidiaries, Dicon, including its respective assets and liabilities, with the Debtor's chapter 11 estate.[1]

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the order of reference of the United States District Court for the Southern District of New York.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A) and (O).

## THE PARTIES

4.      At all times relevant, the Debtor was a publicly held Delaware corporation with offices at 10 W. 33rd Street, New York, New York.

5.      On July 9, 2010, the Debtor filed a voluntary bankruptcy petition for relief in accordance with chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

6.      By Order of the Court dated July 19, 2010, and Notice of Appointment dated July 20, 2010, S. Gregory Hays ("Hays") was appointed as the chapter 11 operating trustee of this estate.  On August 3, 2010, by Notice of Withdrawal, Hays resigned his position as trustee in this case.

---

[1] The Trustee intends to file voluntary petitions for relief and seek the substantive consolidation of the remaining seven (7) subsidiaries: SpongeTech® Europe, SpongeTech® Health & Beauty, Inc., SpongeTech® Kitchen & Bath, Inc., SpongeTech® Auto, Inc., SpongeTech® Medical, Inc., SpongeTech® Pet, Inc., and The Smarter Sponge Company™.

JSH/589811.1/059228

7.     In accordance with an Order of this Court dated August 4, 2010, Hays was discharged of his duties, and Kenneth P. Silverman, Esq., was appointed as the Successor Operating Trustee in this case.

8.     In or about July 2009, SpongeTech acquired One Hundred Percent (100%) of the membership interests in Dicon, and at all times relevant SpongeTech was and is the sole equity holder of Dicon.

9.     The acquisition of Dicon was reflected in SpongeTech's general ledger as an intercompany transfer, with the purchase price as being "due from" Dicon.

10.     Upon information and belief, immediately upon the acquisition of Dicon, the Debtor began to exert full operational and financial control.

11.     Upon information and belief, after the acquisition Dicon management was replaced and, thereafter and at all times relevant, the Debtor and Dicon were managed and controlled by Chief Executive Officer and President Michael Metter ("Metter"), Chief Operating Officer and Chief Financial Officer Steven Moskowitz ("Moskowitz"), and Executive Vice President Barry Kolevzon ("Kolevzon").

12.     Prior to the Petition Date, SpongeTech and Dicon were purportedly engaged in the manufacture and distribution of hydrophilic foam sponge products designed for, among other things, cosmetics, the home, automobiles, watercraft, and pets.

13.     Upon information and belief, as part of the manufacturing and distribution process, SpongeTech products were manufactured in the Dicon plant in Black Creek, Georgia, and on-site inventory was held at the Oneida warehouse in Black Creek.

14.     Inventory reports from available books and records reflect that inventory of the Debtor and Dicon were and continue to be commingled.

15.     Upon information and belief, and also as part of the manufacturing and distribution process, Dicon personnel were located in the SpongeTech offices in New York and were paid through SpongeTech.

3

JSH/589811.1/059228

16.     Concomitantly, upon information and belief, other Dicon personnel were located in the SpongeTech offices in New York and were paid through Dicon.

17.     In addition, sales personnel sold both SpongeTech and Dicon products.

18.     SpongeTech sales to certain vendors were sold through Dicon and appear as though those sales were made by Dicon and, as a result, at least $1.2 million was collected and retained by Dicon.

19.     Moreover, the company financials and federal tax returns for SpongeTech and Dicon were reported on a consolidated basis.

20.     On June 18, 2010 an involuntary petition was filed against Dicon.

21.     On June 24, 2010, the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division, (Davis, J.) entered an order directing the appointment of a chapter 11 trustee for Dicon and, on July 9, 2010, Lloyd T. Whitaker was appointed the chapter 11 trustee for Dicon.

**The Criminal And Civil Actions By The**
**<u>United States Against The Debtor And Its Officers And Directors</u>**

22.     In May 2010, the United States of America filed a criminal complaint in the United States District Court for the Eastern District of New York charging Moskowitz and Metter with conspiracy to commit fraud and obstruction of justice.

23.     Moskowitz and Metter were arrested by the Federal Bureau of Investigation ("FBI") for their alleged criminal activity, which raided the Debtor's premises and removed most of the Debtor's invoices, books and records, bank statements, and computers.

24.     Metter resigned from his position with the Debtor on June 8, 2010.

25.     At the same time, the Securities and Exchange Commission filed a civil complaint against Metter, Moskowitz and several others, alleging, inter alia, that they were involved in a massive "pump and dump" scheme dating back to 2007, whereby, as part of their

JSH/589811.1/059228

scheme, they allegedly deceived the investors through false statements about non-existent SpongeTech customers, fake sales orders, and phony revenue.

26. According to the SEC Complaint, the defendants then dumped the fraudulently inflated shares by illegally selling them to the public through affiliated entities in unregistered transactions.

27. The Debtor has not complied with any of its SEC filing requirements since at least February 2009.

## THE TRUSTEE'S INVESTIGATION

28. Upon his appointment as the operating chapter 11 trustee of the Debtor's estate, the Trustee secured and inspected the Debtor's premises and those documents within the premises that were not seized by the FBI.

29. Additionally, the Trustee has commenced and continues to conduct his own investigation including numerous interviews of employees and others.

30. The Trustee and his professionals have also diligently worked to determine the nature, extent and value of the Debtor's inventory, the actual value of accounts receivables and royalty payments, the authenticity and ownership of patents, trademarks, trade secrets and licenses, and the nature and extent of the Debtor's liabilities.

31. Based upon the Trustee's inspection of the premises, independent investigation and review of various documents recovered from the premises and the interviews conducted by the Trustee and his counsel, it has been revealed that Dicon was commonly managed and controlled by Metter, Moskowitz and Kolevzon.

## FIRST CLAIM FOR RELIEF
### (incorporating all previous allegations)

32. The Debtor used Dicon as its instrumentality by commingling funds with Dicon and ignoring the separate corporate existence of Dicon.

33. Dicon shared headquarters with the Debtor in New York City.

JSH/589811.1/059228

34. Dicon was inadequately capitalized or capitalized with the Debtor's assets.

35. Dicon and the Debtor shared common ownership and management.

36. Upon information and belief, some or all of Dicon's work was performed by the Debtor's employees and all compensation for that work was paid by the Debtor.

37. Upon information and belief, all assets in the name of Dicon were obtained through use of the Debtor's funds.

38. Dicon and the Debtor did not deal with each other at arm's length.

39. The financial affairs of Dicon and the Debtor are irreconcilably entangled and the assets and liabilities of Dicon and the Debtor cannot be separated without the expenditure of significant accounting and legal costs.

40. Dicon and the Debtor are alter egos of each other.

41. For example, upon information and belief, SpongeTech products were sold to Walmart utilizing Dicon's Walmart vendor code. At all times Walmart believed it was dealing with Dicon, but, in reality was purchasing Dicon and SpongeTech products as if from a single source.

42. Creditors of Dicon and the Debtor did not deal with Dicon and the Debtor as separate economic units.

43. Corporate formalities were not observed by and among Dicon and the Debtor.

44. Creditors of Dicon and the Debtor will benefit from the substantive consolidation of the entities.

45. Substantive consolidation of Dicon and the Debtor is necessary to avoid in inequitable diminution of the Debtor's estate and to protect the Debtor's creditors.

JSH/589811.1/059228

46.     Based on the foregoing, the Trustee is entitled to an order substantively consolidating Dicon, including its respective assets and liabilities, with the Debtor's chapter 11 estate.

**WHEREFORE**, the Trustee respectfully demands:

a)  judgment substantively consolidating Dicon, including its assets and liabilities, with the Debtor's chapter 11 estate; and

b)  such additional relief as the Court deems just and proper.

Dated: Jericho, New York
      September 14, 2010

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 11 Operating Trustee

By:          *s/Edward M. Flint*
          Edward M. Flint, Esq.
A Member of the Firm
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300